IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 4:22-CR-067 |
| Plaintiff, | **MOTION TO VACATE SENTENCE** |
| v. | |
| ROGER PAUL BRADFORD, | |
| Defendant. | |

COMES NOW, Defendant ROGER PAUL BRADFORD, by and through undersigned counsel, and hereby moves this honorable Court pursuant to Fed. R. Crim. Proc. 35 for an order vacating his sentence. In support thereof, Mr. Bradford states as follows:

1. On October 7, 2023, pursuant to a Plea Agreement, (Doc. 26), Mr. Bradford pleaded guilty to a single count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. (Doc. 31).

2. As set forth in the factual basis of his Plea Agreement,

> One project that Defendant was overseeing for Vermeer was the construction of the "Vermeer EcoCenter" building in Pella. Defendant and Viorel Draghia worked together to formulate proposals, or "bids", for Draghia Contracting to complete certain work on the Vermeer EcoCenter project. Draghia submitted these proposals to the general contractor of the project via email, copying Defendant. At all times Defendant and Draghia knowingly and deliberately concealed and failed to disclose their kickback agreement to Vermeer employees and officers and the general contractor. This concealment was material. Specifically, **the existence of their kickback agreement was material to the scheme to defraud Vermeer because if Vermeer officials had known about the kickback agreement, Draghia Contracting would not have been awarded a contract for work at Vermeer.**

(Doc. 26 at 4; emphasis added).

3. On May 4, 2023, this Court imposed on Mr. Bradford a sentence of 20 months' imprisonment, three years' supervised release and restitution of $23,000. (Doc. 78).

4. Exactly one week later, on May 11, 2023, the United States Supreme Court unanimously held that "the federal fraud statutes criminalize only schemes to deprive people of traditional property interests. Because 'potentially valuable economic information' 'necessary to make discretionary economic decisions' is not a traditional property interest, we now hold that **the right-to-control theory**

**is not a valid basis for liability under §1343**." *Ciminelli v. United States*, __ U.S. __, No. 21-1170, 2023 U.S. LEXIS 1888, *6 (May 11, 2023) (emphasis added).

5. Just as Mr. Draghia paid Mr. Bradford kickbacks to land the Vermeer project, the defendant in *Ciminelli* paid kickbacks to obtain a construction contract. And also as here, the Government in *Ciminelli* proceeded under the "'right to control' theory, under which the Government can establish wire fraud by showing that the defendant schemed to deprive a victim of potentially valuable economic information necessary to make discretionary economic decisions." *Id.* at *8. However, this right to control theory cannot support a federal fraud conviction. According to the Court,

> the right-to-control theory vastly expands federal jurisdiction without statutory authorization. Because the theory treats mere information as the protected interest, almost any deceptive act could be criminal. The theory thus makes a federal crime of an almost limitless variety of deceptive actions traditionally left to state contract and tort law. . . . The right-to-control theory thus criminalizes traditionally civil matters and federalizes traditionally state matters. In sum, the wire fraud statute reaches only traditional property interests. The right to valuable economic information needed to make discretionary economic decisions is not a traditional property interest. Accordingly, the right-to-control theory cannot form the basis for a conviction under the federal fraud statutes.

*Id.* at *14-15.

6. Thus, *Ciminelli* has rendered Mr. Bradford's purported offense conduct non-criminal thereby eviscerating his plea of guilty as the factual basis cannot support a violation of 18 U.S.C. § 1349. In other words, Mr. Bradford is actually innocent of his offense of conviction.

7. Fed. Rule of Crim. Proc. 35(a) provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from . . . clear error." Mr. Bradford's actual innocence renders his conviction and sentence clearly erroneous. According to the law of this Circuit,

> Rule 35(a) grants "very narrow" authority to a district court to make corrections "only [in] those cases in which an obvious error or mistake has occurred in the sentence." . . . "**[O]ur circuit has drawn the line under Rule 35(a) at sentences that are incorrect or unreasonable as a matter of law, such that they would 'almost certainly be remanded to the district court for further action' in the event of an appeal.**" *United States v. Cannon*, 719 F.3d 889, 891 (8th Cir. 2013) (quoting *United States v. Sadler*, 234 F.3d [368,] 374 [(8th Cir. 2000)]).

*United States v. Jett*, 782 F.3d 1050, 1051-1052 (8th Cir. 2015) (emphasis added).

8. *Ciminelli* compels the finding that Mr. Bradford is actually innocent of his offense of

MOTION TO VACATE SENTENCE    2

conviction. Accordingly, his sentence is precisely one of those "very narrow" situations for which Rule 35(a) was designed to apply as it is a near certainty that Mr. Bradford's sentence will be vacated on appeal with a remand to dismiss the indictment.

9. Shortly after the filing of the instant motion, Mr. Bradford will be filing his Notice of Appeal (NOA) of this Court's Judgment entered on May 4, 2023. Accordingly, as the filing of the NOA will remove this Court's jurisdiction to rule on the instant motion, Mr. Bradford requests this Court to make an indicative ruling pursuant to Fed. R. Crim. Proc. 37(a) stating whether this Court would grant the instant motion if the Court of Appeals remands for that purpose.

10. Pursuant to Local Rule 7, an associate attorney in the undersigned's office called and spoke with Assistant United States Attorney Adam Kerndt, and the Government would oppose the instant motion.

**WHEREFORE**, based on the foregoing, Mr. Bradford respectfully prays that this honorable Court grant the instant motion and vacate his sentence.

Dated: May 18, 2023

GREFE & SYDNEY, P.L.C.

/s/ Guy R. Cook_____
Guy R. Cook
GREFE & SIDNEY, P.L.C.
500 East Court Avenue
Suite 200 P.O Box 10434
Des Moines, Iowa 50306
Telephone: 515.245.4452
Email: gcook@grefesidney.com

Attorneys for Defendant
ROGER PAUL BRADFORD

**CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2023, the foregoing MOTION TO VACATE SENTENCE was filed electronically and a copy was served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/Guy R. Cook
GUY R. COOK