IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ROGER PAUL BRADFORD, <br><br> Defendant. | CASE NO. 4:22-CR-067 <br><br> **MOTION TO WITHDRAW GUILTY PLEA** |

COMES NOW, Defendant ROGER PAUL BRADFORD, by and through undersigned counsel, and hereby moves this honorable Court pursuant to Fed. R. Crim. Proc. 11 for an order permitting him to withdraw his guilty plea *nunc pro tunc* to May 3, 2023. In support *thereof*, Mr. Bradford states as follows:

1. On October 7, 2023, pursuant to a Plea Agreement, (Doc. 26), Mr. Bradford pleaded guilty to a single count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. (Doc. 31).

2. As set forth in the factual basis of his Plea Agreement,

> One project that Defendant was overseeing for Vermeer was the construction of the "Vermeer EcoCenter" building in Pella. Defendant and Viorel Draghia worked together to formulate proposals, or "bids", for Draghia Contracting to complete certain work on the Vermeer EcoCenter project. Draghia submitted these proposals to the general contractor of the project via email, copying Defendant. At all times Defendant and Draghia knowingly and deliberately concealed and failed to disclose their kickback agreement to Vermeer employees and officers and the general contractor. This concealment was material. Specifically, **the existence of their kickback agreement was material to the scheme to defraud Vermeer because if Vermeer officials had known about the kickback agreement, Draghia Contracting would not have been awarded a contract for work at Vermeer.**

(Doc. 26 at 4; emphasis added).

3. On May 4, 2023, this Court imposed on Mr. Bradford a sentence of 20 months' imprisonment, three years' supervised release and restitution of $23,000. (Doc. 78).

4. Exactly one week later, on May 11, 2023, the United States Supreme Court unanimously held that "the federal fraud statutes criminalize only schemes to deprive people of traditional property interests. Because 'potentially valuable economic information' 'necessary to make discretionary

1  economic decisions' is not a traditional property interest, we now hold that **the right-to-control theory**

2  **is not a valid basis for liability under §1343**." *Ciminelli v. United States*, __ U.S. __, No. 21-1170,

3  2023 U.S. LEXIS 1888, *6 (May 11, 2023) (emphasis added).

4       5.     Just as Mr. Draghia paid Mr. Bradford kickbacks to land the Vermeer project, the

5  defendant in *Ciminelli* paid kickbacks to obtain a construction contract. And also as here, the

6  Government in *Ciminelli* proceeded under the "'right to control' theory, under which the Government

7  can establish wire fraud by showing that the defendant schemed to deprive a victim of potentially

8  valuable economic information necessary to make discretionary economic decisions." *Id.* at *8.

9  However, this right to control theory cannot support a federal fraud conviction. According to the Court,

> the right-to-control theory vastly expands federal jurisdiction without statutory authorization. Because the theory treats mere information as the protected interest, almost any deceptive act could be criminal. The theory thus makes a federal crime of an almost limitless variety of deceptive actions traditionally left to state contract and tort law. . . . The right-to-control theory thus criminalizes traditionally civil matters and federalizes traditionally state matters. In sum, the wire fraud statute reaches only traditional property interests. The right to valuable economic information needed to make discretionary economic decisions is not a traditional property interest. Accordingly, the right-to-control theory cannot form the basis for a conviction under the federal fraud statutes.

16  *Id.* at *14-15.

17       6.     Thus, *Ciminelli* has rendered Mr. Bradford's purported offense conduct non-criminal

18  thereby eviscerating his plea of guilty as the factual basis cannot support a violation of 18 U.S.C. §

19  1349. In other words, Mr. Bradford is actually innocent of his offense of conviction.

20       7.     Fed. Rule of Crim. Proc. 11(d)(2)(B) provides that a defendant may withdraw his guilty

21  plea "after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair

22  and just reason for requesting the withdrawal." Mr. Bradford's actual innocence provides a fair and just

23  reason.

24       8.     Although this Court already has sentenced Mr. Bradford, to avoid manifest injustice in

25  light of his actual innocence, this Court ought to exercise its inherent authority to permit Mr. Bradford to

26  withdraw from the Plea Agreement *nunc pro tunc* to May 3, 2023, i.e., the day before sentence was

27  imposed. But for the happenstance of the Supreme Court deciding *Ciminelli* a mere eight days later, Mr.

28  Bradford would obviously have filed the instant motion prior to his sentencing had the decision issued at

any time prior to sentencing. After all, "*[n]unc pro tunc* is an equitable remedy." *Tarango-Delgado v. Garland*, 19 F.4th 1233, 1241 (10th Cir. 2021); *Negron v. United States*, 394 Fed. Appx. 788, 791 (2d Cir. 2010) ("it is well-established that 'the doctrine of *nunc pro tunc* is a[n] . . . equitable remedy,'" *Iouri v. Ashcroft*, 464 F.3d 172, 182 (2d Cir. 2006) (internal quotation marks omitted)).

9. Shortly after the filing of the instant motion, Mr. Bradford will be filing his Notice of Appeal (NOA) of this Court's Judgment entered on May 4, 2023. Accordingly, as the filing of the NOA will remove this Court's jurisdiction to rule on the instant motion, Mr. Bradford requests this Court to make an indicative ruling pursuant to Fed. R. Crim. Proc. 37(a) stating whether this Court would grant the instant motion if the Court of Appeals remands for that purpose.

10. Pursuant to Local Rule 7, an associate attorney in the undersigned's office called and spoke with Assistant United States Attorney Adam Kerndt, and the Government would oppose the instant motion.

**WHEREFORE**, based on the foregoing, Mr. Bradford respectfully prays that this honorable Court grant the instant motion and permit him to withdraw from plea of guilty *nunc pro tunc* May 3, 2023.

Dated: May 18, 2023     GREFE & SYDNEY, P.L.C.

/s/ Guy R. Cook_____
Guy R. Cook
GREFE & SIDNEY, P.L.C.
500 East Court Avenue
Suite 200 P.O Box 10434
Des Moines, Iowa 50306
Telephone: 515.245.4452
Email: gcook@grefesidney.com

Attorneys for Defendant
ROGER PAUL BRADFORD

MOTION TO WITHDRAW GUILTY PLEA      3

**CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2023, the foregoing MOTION TO WITHDRAW GUILTY PLEA was filed electronically and a copy was served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/Guy R. Cook
GUY R. COOK