IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **No. 4:22-cr-00067-RGE-HCA** |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S MOTIONS** |
| ROGER PAUL BRADFORD, | |
| Defendant. | |

Now before the Court are Defendant Roger Paul Bradford's Motion to Vacate Sentence, Motion to Withdraw Plea of Guilty, and Motion to Dismiss Indictment. Def.'s Mot. Vacate Sentence, ECF No. 82; Def.'s Mot. Withdraw Plea of Guilty, ECF No. 83; Def.'s Mot. Dismiss Indictment, ECF No. 92. The Government resists. Gov't's Consolidated Resist. Def.'s Mot. Withdraw Plea of Guilty & Mot. Vacate Sentence, ECF No. 93; Gov't's Resist. Def.'s Mot. Dismiss Indictment, ECF No. 98.

On May 4, 2023, the Court sentenced Bradford to 20 months of imprisonment. J. Crim. Case 2, ECF No. 78. On May 18, 2023, Bradford filed a Notice of Appeal in addition to two of the three motions presently before the Court. Def.'s Notice Appeal, ECF No. 84; ECF Nos. 82, 83. The third motion was filed a week later. ECF No. 92.

"[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *United States v. Ledbetter*, 882 F.2d 1345, 1347 (8th Cir. 1989) (quoting *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982)). "This rule applies with equal force to criminal cases." *Id.* (citing *Berman v. United States,* 302 U.S. 211, 214 (1937).

Bradford's appeal divests this Court of jurisdiction to entertain his motions. *Cf. Ledbetter*, 882 F.2d at 1347. In the motions presently before the Court, Bradford argues the Supreme Court's decision in *Ciminelli v. United States*, 215 L. Ed. 2d 294, 143 S. Ct. 1121 (2023) "has rendered . . . Bradford's purported offense conduct non-criminal thereby eviscerating his plea of guilty." ECF No. 82 ¶ 6; ECF No. 83 ¶ 6; *see also* ECF No. 92 ("*Ciminelli* has rendered the allegations set forth in Count 1 [of Bradford's Indictment] insufficient 'to form the basis of the charged offense' and thus are '[in]sufficient in law to support a conviction.'") (quoting *United States v. Hansmeier*, 988 F.3d 428, 436 (8th Cir. 2021)). This is the same issue involved in his appeal. Appellant's Emergency Mot. Bond Pending Appeal 2, 2 n.2, *United States v. Bradford*, No. 23-2240 (8th Cir. June 1, 2023) Bradford states his appeal concerns 1) "whether the U.S. Supreme Court's recent decision in *Ciminelli* . . . invalidates [Bradford]'s conviction," 2) "issues pertaining to his sentence," and 3) "denials of various post-sentencing motions." The Eighth Circuit has "control over th[ese] aspects of the case." *Ledbetter*, 882 F.2d at 1347.

Thus, the Court denies Bradford's motions for lack of jurisdiction.

**IT IS ORDERED** that Defendant Roger Paul Bradford's Motion to Vacate Sentence, ECF No. 82, is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Roger Paul Bradford's Motion to Withdraw Plea of Guilty, ECF No. 83, is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Roger Paul Bradford's Motion to Dismiss Indictment, ECF No. 92, is **DENIED**.

**IT IS SO ORDERED.**

Dated this 7th day of June, 2023.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE