IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>v.<br><br>ROGER PAUL BRADFORD,<br><br>　　　Defendant. | No. 4:22-cr-00067-RGE-HCA<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION PURSUANT TO AMENDMENT 821 AND IN THE ALTERNATIVE COMPASSIONATE RELEASE** |

Now before the Court is Defendant Roger Paul Bradford's Motion for Sentence Reduction Pursuant to Amendment 821 and in the Alternative Compassionate Release. Def.'s Mot. Sentence Reduction, ECF No. 112. The Government resists. Gov't's Resp. Def.'s Mot. Sentence Reduction, ECF No. 115. Bradford filed a reply, requesting oral argument and an evidentiary hearing. Def.'s Reply Supp. Mot. Sentence Reduction, ECF No. 119.

The Court declines to order oral argument or an evidentiary hearing on Bradford's motion.

The Court has made an individualized inquiry of Bradford's motion. *See United States v. Sims*, No. 22-3430, 2023 WL 8463659, at *2 (8th Cir. Dec. 7, 2023) ("[M]otions for compassionate release require an individualized inquiry."). After also considering the applicable policy statements issued by the United States Sentencing Commission and relevant sentencing factors provided in 18 U.S.C. § 3553(a), the Court denies Bradford's motion.

**I.　BACKGROUND**

Bradford pleaded guilty to conspiracy to commit wire fraud, a violation of 18 U.S.C. § 1349. Plea Agreement ¶ 1, ECF No. 26. Bradford's applicable guideline range for his total offense level and criminal history was 27 to 33 months in prison. Sealed J. Crim. Case 8, ECF

No. 79. The Court sentenced him to 20 months in prison based in part on Bradford's history and characteristics, including childhood trauma. *Id.* at 2, 10. Bradford appealed his conviction and sentence. *See* Notice of Appeal, ECF No. 84. The appeal is still pending.

## II.     AMENDMENT 821

Bradford seeks a sentence reduction to account for Amendment 821 to the United States Sentencing Guidelines which creates a reduction in the total offense level for defendants who have no criminal history points and who meet certain other criteria. ECF No. 112 at 4–5.

For the reasons stated in the Government's resistance, the Court finds Bradford is not entitled to relief under Amendment 821 and denies Bradford's motion on this ground. *See* ECF No. 115 at 10–11.

## III.    COMPASSIONATE RELEASE

### A.     Exhaustion

Under the First Step Act of 2018, prisoners may bring motions for compassionate release "once they have exhausted their administrative remedies." *See United States v. Vangh*, 990 F.3d 1138, 1140 (8th Cir. 2021) (acknowledging amendment to 18 U.S.C. § 3582(c)(1)(A)). "Exhaustion occurs at the earlier of either (1) when the prisoner has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion' on his behalf or (2) 'the lapse of 30 days from the receipt of such a request by the warden of the [prisoner's] facility.'" *United States v. Houck*, 2 F.4th 1082, 1083 (8th Cir. 2021) (quoting § 3582(c)(1)(A)).

Bradford has satisfied the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A). *See* Def.'s Ex. 4 Supp. Mot. Sentence Reduction, ECF No. 112-4 (request to warden); *see also* ECF No. 115 at 5–6. Thus, the Court finds exhaustion under the statute is satisfied.

### B.     Discussion

A district court may grant a defendant's motion for compassionate release if it finds

"extraordinary and compelling reasons" warrant such a sentence reduction and the reduction is consistent with the applicable policy statements issued by the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A)(i). Even if the Court finds the foregoing criteria are met, the Court must still consider the 18 U.S.C. § 3553(a) sentencing factors before granting a reduction. *Id.* § 3582(c)(1)(A).

Bradford seeks compassionate release because, he asserts, the Bureau of Prisons is "incapable of providing Mr. Bradford with adequate mental health care, which has resulted in the significant deterioration of his mental health." ECF No. 112 at 8. For the reasons stated in the Government's resistance, the Court this is not an extraordinary and compelling reason for compassionate release. *See* ECF No. 115 at 6–10.

Even if this factor could be construed as extraordinary and compelling, the relevant sentencing factors under 18 U.S.C. § 3553(a) do not warrant such a reduction in his sentence. Bradford is currently 57 years old. *See* Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Jan. 10, 2024). His expected date of release is in August 2024. *Id.*

Bradford was responsible for "an intentional long-term plan to enrich [himself] at the expense of [his] employer." Sentencing Hr'g Tr. 74:3–10, ECF No. 100. Further, during the pendency of his criminal proceeding, Bradford's actions undermined his professed acceptance of responsibility. See id. at 74:18–77:2.

The Court is concerned a reduction in sentence would not adequately reflect the seriousness of the offense, promote respect for the law, or protect the public from additional crimes by Bradford. For these reasons and other sentencing factors under 18 U.S.C. § 3553(a), the Court denies compassionate release.

### IV.   CONCLUSION

For the foregoing reasons,

    **IT IS ORDERED** that Defendant Roger Paul Bradford's Motion for Sentence Reduction Pursuant to Amendment 821 and in the Alternative Compassionate Release, ECF No. 112, is **DENIED**.

    **IT IS SO ORDERED**.

Dated this 10th day of January, 2024.

_____
REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE